UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK ALLAN, Plaintiff, | ) | |
| v. | ) | Civil No. 25-11893-LTS |
| SAFE HARBOR MARINAS, LLC and SHM MILL CREEK, LLC, Defendants. | ) | |

MEMORANDUM AND ORDER ON NON-PARTY KLOPMAN'S MOTION TO QUASH (DOC. NO. 35), ALLAN'S MOTION FOR SPOLIATION SANCTIONS (DOC. NO. 31), AND ALLAN'S MOTION TO AMEND COMPLAINT (DOC. NO. 32)

September 30, 2026

SOROKIN, J.

Mark Allan, now representing himself, sued Safe Harbor Marinas and SHM Mill Creek for various claims arising out of the allegedly botched installation of two outboard motors on his vessel the Wandering Off, the subsequent sinking of the vessel several days later, and the post-sinking salvage or repair activities of the defendants. Several motions are now pending. The Court addresses each in turn.

I. NON-PARTY KLOPMAN'S MOTION TO QUASH (DOC. NO. 35)

Non-party expert Jonathan Klopman moved to quash a deposition subpoena served on him by Allan. Doc. No. 35.[1] Klopman's Motion to Quash, Doc. No. 35, is ALLOWED and the subpoena is QUASHED in all respects except as stated herein.

[1] Citations to "Doc. No. __" reference items filed on the electronic docket ("ECF") in the action that is the subject of this Order; pincites are to the page numbers in the ECF header or, where applicable, to the paragraph numbering within the document.

Klopman shall submit to a video deposition conducted by Allan. The deposition shall not exceed sixty minutes. Sixty minutes is a reasonable duration given that Allan suggested he needs only thirty minutes, failed to explain whether thirty minutes would be insufficient despite the Court ordering him to do so, and stated that he only seeks to "clarify" a report authored by Klopman. Doc. No. 35-6 at 4. The deposition shall occur no later than October 31, 2026.

Klopman shall produce the following items to Allan at least seven days before the deposition: (a) a copy of his report(s) (narrative, photo, or both) relating to the incident at issue in this lawsuit; and (b) any additional photographs taken in the course of the preparation of the report(s). Allan shall compensate Klopman at his usual rate of $450 per hour for two hours—one hour for the deposition, and one hour for preparation time. Allan shall make payment by October 7, 2026. Allan and Klopman shall mutually agree upon a date for the deposition, as well as the method of video (e.g., Zoom, Facetime).

Allan shall file a notice with the Court no later than October 13, 2026, confirming that he has paid Klopman and stating the date and time to which Allan and Klopman have agreed. If the parties cannot agree on a date, the Court will convene a status conference by video to resolve the dispute.

The Motion to Quash, Doc. No. 35, is ALLOWED in part and DENIED in part to the extent described herein.

## II. ALLAN'S MOTION FOR SPOLIATION SANCTIONS (DOC. NO. 31)

Much of Allan's Motion for Spoliation Sanctions challenges various actions that the defendants allegedly did (or did not do) that led to the claims at issue, for example, improper installation of the vessel engines. Doc. No. 31 at 2; see also Doc. No. 1 ¶ 43. These factual allegations support the claims advanced but cannot support a claim for spoliation, as they arose prior to notice of any litigation. See Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399

(1st Cir. 2012) (explaining that party asserting spoliation "must show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence").

Allan does raise three post-sinking allegations arguably related to spoliation. First, he contends that "[i]mmediately" after the Wandering Off was hauled out of the water after sinking, it was "washed, possibly destroying evidence." Doc. No. 31 at 1. Second, he contends that the defendants "[p]ickle[d]" the two motors as part of or after the salvage, which he says is "known to destroy electronic data that is considered evidence." Id. Neither of these brief, conclusory assertions come close to warranting sanctions. Allan has not established that (1) any evidence was in fact lost, (2) either of these actions was unreasonable,[2] or (3) the loss of evidence (if in fact any evidence was lost) resulted from the cleaning or pickling. Insofar as Allan disputes the conclusions reached by either of the surveyors, that is not a basis for sanctions. He remains free, in the course of the litigation, to present expert testimony or evidence supporting different conclusions.

Finally, Allan complains he was not "invite[d]" to the "float test." Doc. No. 40 at 2; see also Doc. No. 31 at 3. Whether he has a claim for return of the funds charged to him for this test is a different issue from spoliation. But he has no spoliation claim arising out of the float test. He has not established that the test itself destroyed any evidence, that he did not (or could not) access the evidence obtained from the test, or that he could not conduct his own float test.

For all these reasons, the Motion for Sanctions, Doc. No. 31, is DENIED.

---

[2] Cleaning a boat after sinking and pickling the engines both appear to be facially reasonable efforts to preserve the boat and engines.

## III. ALLAN'S MOTION TO AMEND COMPLAINT (DOC. NO. 32)

Allan seeks to amend his complaint with additional factual allegations and arguably new claims. Doc. No. 32. This Motion is DENIED.

First, the proposed amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a), (d). It is a narrative. It intermixes personal, irrelevant information. And it is not reasonably susceptible to an answer from the defendants. Second, the original complaint already seeks punitive damages and includes claims such as infliction of emotional distress and fraud that encompass most (if not all) of the factual allegations Allan wishes to add. Third, amending the complaint after the close of fact discovery risks the need to reopen fact discovery. Allan has not established good cause warranting that here.

Accordingly, the Motion to Amend the Complaint, Doc. No. 32, is DENIED. Insofar as Allan seeks an adjustment to the schedule as it applies to expert discovery, the Court addresses that below.

## IV. SCHEDULE FOR THE REMAINDER OF THE CASE

Klopman's deposition shall occur as stated above. The Court will hold a status conference on Wednesday October 7, 2026, at 2:30 p.m. via Zoom. Allan and the defendants shall be prepared to address what, if any, expert disclosures or depositions remain; a proposed schedule for dispositive motions; and whether the parties wish to go to mediation.

Finally, Allan may wish to seek the assistance of the Boston College Law School's Federal Pro Se Legal Assistance Program, which provides free information, advice, and limited-scope legal assistance to self-represented litigants in the United States District Court for the District of Massachusetts. Additional information regarding the program can be found here:

https://www.mad.uscourts.gov/general/pdf/announce/Federal%20Pro%20Se%20Legal%20Assistance%20Clinic.pdf.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge