UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK ALLAN,<br><br>Plaintiff,<br><br>v.<br><br>SAFE HARBOR MARINAS, LLC and<br>SHM MILL CREEK, LLC,<br><br>Defendants. | ) | Civil No. 25-11893-LTS |

MEMORANDUM AND ORDER ON
ALLAN'S MOTION TO AMEND COMPLAINT (DOC. NO. 51) AND
MOTION TO AMEND MOTION FOR SPOLIATION SANCTIONS (DOC. NO. 53)

November 6, 2026

SOROKIN, J.

Mark Allan, representing himself, brings this action against Safe Harbor Marinas and SHM Mill Creek alleging various claims arising out of the sinking of his vessel. Now pending before the Court are Allan's motion to amend his complaint, Doc. No. 51,[1] and Allan's motion to amend his motion for spoliation sanctions, Doc. No. 53.[2] For the reasons explained below, both motions are DENIED.

I. MOTION TO AMEND COMPLAINT (DOC. NO. 51)

Allan seeks to amend his complaint to add five new allegations: (1) Defendants intentionally overpowered his vessel's horsepower limit; (2) Defendants trespassed his chattel by flushing and pickling the vessel's motor; (3) Defendants conducted a float test without Allan's

[1] Citations to "Doc. No. __" reference items filed on the electronic docket ("ECF") in the action that is the subject of this Order; pincites are to the page numbers in the ECF header or, where applicable, to the paragraph numbering within the document.

[2] Defendants have also filed a motion for summary judgment, Doc. No. 57, which is not yet ripe.

knowledge; (4) SHM installers failed to properly install spacers when installing the engine; and (5) SHM installers improperly installed bolts below the waterline. Doc. No. 51 at 1-2. As a preliminary matter, Allan does not attach a copy of his amended complaint to his motion, and he appears to propose adding freestanding paragraphs to his complaint rather than submitting a complete amended complaint incorporating the paragraphs. This approach does not accord with Federal Rule of Civil Procedure 8. Allan cannot merely add paragraphs to his existing complaint, especially without explaining where the paragraphs would fit within the existing complaint. For this reason alone, Allan's motion is denied.

Even if Allan's proposal complied with Rule 8, the motion would fail on the merits. Allan describes his proposed additions as new "counts," Doc. No. 51 at 1-2, but all except trespass to chattels are factual allegations, not legal claims. To the extent Allan seeks to add specificity to claims that are already in his original complaint, such as negligence or fraud, see Doc. No. 1 at 12-16, the additions are unnecessary insofar as they reasonably fall within the scope of his existing complaint. To the extent Allan seeks to expand the scope of his original complaint by adding new claims based on new factual allegations or to augment existing claims with additional theories of liability arising out of previously unalleged misconduct, his motion comes too late. Allan filed this motion more than five months after the close of fact discovery and less than a week before the deadline for Defendants' motion for summary judgment. Defendants have since briefed their motion for summary judgment. Injecting new issues into the case at this juncture would require either (1) reopening discovery followed by re-briefing of summary judgment by Defendants or (2) unfairly forcing Defendants to proceed without the benefit of discovery on the new theories. The Court finds no justification for doing either of these things.

For these reasons and for the reasons explained in the Court's prior order, Doc. No. 44, the motion to amend the complaint, Doc. No. 51, is DENIED.

II. MOTION TO AMEND MOTION FOR SPOLIATION SANCTIONS (DOC. NO. 53)

Next, Allan moves to amend his prior motion for spoliation sanctions, Doc. No. 31, which the Court previously denied, Doc. No. 44 at 2-3. Again, Allan fails to attach the amended motion for sanctions as an exhibit to the motion for leave to amend. Regardless, the Court construes the filing as a renewed motion for sanctions and determines on the merits that it once again must be denied.

First, Allan contends that Defendants have failed to share documentation relating to the technical training of Defendants' employees. Doc. No. 53 at 1-2. To the extent Allan believes that such documentation was improperly withheld during discovery, the proper motion to file would be a motion to compel discovery, not a motion for spoliation sanctions. See Fed. R. Civ. P. 37(a). The mere withholding of evidence, rather than destruction of evidence, does not constitute spoliation. Nevertheless, a motion to compel would come too late. It is this Session's practice to require parties to file motions to compel no later than seven days after the close of the relevant discovery period—here, fact discovery, which was complete on May 12, 2026.[3] See Doc. No. 24. The time to file a motion to compel has long passed, and Allan gives no justification for his failure to raise this issue earlier.

Second, Allan argues that Defendants' flushing and pickling of the vessel's motor constitutes spoliation. Doc. No. 53 at 2-3. Even assuming, as Allan contends, that Defendants had "immediate constructive notice that litigation [was] reasonably foreseeable" once the vessel

[3] Such practice is delineated on the form scheduling order that was provided to the parties on September 4, 2025. Doc. No. 14 at 2.

sank, id. at 2, Allan has not demonstrated that the flushing and pickling spoiled any evidence. "[T]he party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012). Allan asserts only that electronically stored information contained in a motor's "BlackBox . . . is specifically known, to be effectively destroyed during the flushing/pickling process." Doc. No. 53 at 2. Allan does not cite any authority or support for this statement. Nor does he explain with specificity (1) what information was contained in the "BlackBox"; (2) the relevancy of such information to this case; (3) whether such information would not have been destroyed during the sinking itself, rather than during the subsequent flushing and pickling process; or (4) why the Court should assume that the process was an effort to destroy, rather than to preserve, the already-damaged motor.

Finally, Allan points to other actions that he contends demonstrate "bad faith" on the part of Defendants, such as their performance of a float test without Allan's attendance and their allegedly botched installation of the boat's motor. Id. at 3-4. These actions do not indicate that Defendants intended to destroy any information contained in the "BlackBox." To the extent that Allan contends these actions constitute spoliation, he fails to demonstrate that they resulted in the destruction of any evidence.

For the foregoing reasons and for the reasons contained in the Court's prior order, Doc. No. 44, Allan's motion, Doc. No. 53, is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge